**No. 24-60040**

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

INTUIT INC.,
*Petitioner*,

*v.*

FEDERAL TRADE COMMISSION,
*Respondent*.

On Petition for Review of a Final Order of the Federal Trade Commission Entered on January 19, 2024, FTC Docket No. 9408

## PETITIONER'S UNOPPOSED MOTION TO SEAL THE NON-PUBLIC VERSION OF THE FEDERAL TRADE COMMISSION'S OPINION

DANIEL S. VOLCHOK
HOWARD M. SHAPIRO
JONATHEN E. PAIKIN
DEREK A. WOODMAN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000

DAVID Z. GRINGER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

January 31, 2024

# CERTIFICATE OF INTERESTED PERSONS

The following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that members of the Court may evaluate possible recusal.

Intuit Inc. has no parent corporation, and no publicly held corporation is known to own 10% or more of Intuit's stock.

| Petitioner | Counsel |
| --- | --- |
| Intuit Inc. | Howard M. Shapiro |
| | Jonathen E. Paikin |
| | Daniel S. Volchok |
| | David Z. Gringer |
| | Jennifer Milici |
| | Derek A. Woodman |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |

| Defendants-Appellees | Counsel |
| --- | --- |
| Federal Trade Commission | Sara Tonneson |
| | Roberto Anguizola |
| | Rebecca Plett |
| | James Evans |
| | Mariel Goetz |
| | Anisha Sasheen Dasgupta |
| | Lina M. Khan |
| | April J. Tabor |
| | FEDERAL TRADE COMMISSION |

/s/ Daniel S. Volchok  
DANIEL S. VOLCHOK

Pursuant to Circuit Rule 25.2.8, Intuit moves to seal the non-public version of the Federal Trade Commission opinion under review here, dated January 19, 2024. That opinion, which was filed as an attachment to Intuit's petition for review, contains confidential business information that was treated as non-public throughout the administrative proceeding. If this information were publicly released, it would harm Intuit's business and competitive standing. Respondent does not oppose the requested relief.

The FTC's rules provide that materials offered into evidence during an administrative proceeding may be granted *in camera* treatment if their public disclosure "will likely result in a clearly defined, serious injury to the person, partnership, or corporation requesting *in camera* treatment or after finding that the material constitutes sensitive personal information." 16 C.F.R. §3.45. Material granted *in camera* treatment is kept confidential and not placed in the public agency record. *Id.*

During the FTC proceeding here, Intuit moved for *in camera* treatment of certain materials, explaining that they contain competitively sensitive information, including (1) trade secrets and product development, (2) financial data, (3) sales and marketing strategy, (4) pricing and pricing strategy, and (5) business strategy and strategic initiatives. The ALJ granted Intuit's *in camera* motions, ruling that Intuit had established that disclosure of the materials would likely result in a

- 2 -

clearly defined, serious injury to Intuit. *See* ALJ Orders (F.T.C. March 1, March 21, and April 24, 2023). The Commission therefore issued both public and non-public versions of its opinion, with the public version redacting the information that was provided *in camera* treatment.

This Court has recognized that "sealing may be appropriate" for materials that "incorporate confidential business information." *Cypress Medical Center Operating Company v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *accord, e.g.*, *Le v. Exeter Financial Corporation*, 990 F.3d 410, 419 (5th Cir. 2021). For the same reasons the ALJ deemed sealing of the relevant materials appropriate, this Court should seal the FTC's non-public opinion. The *in camera* information in that non-public opinion remains confidential, and its disclosure would cause business and competitive harms to Intuit.

January 31, 2024

Respectfully submitted,

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK
HOWARD M. SHAPIRO
JONATHEN E. PAIKIN
DEREK A. WOODMAN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000

DAVID Z. GRINGER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
(212) 230-8800

## CERTIFICATE OF COMPLIANCE

According to the word-count feature of the word-processing program with which it was prepared, the foregoing motion contains 344 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK