# EXHIBIT H

Case: 24-60040   Document: 34-25   Page: 2   Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/20/2022 | Document No. 605914 | PAGE Page 1 of 6 * PUBLIC *;

PUBLIC

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |  |
|---|---|---|
| In the Matter of | ) ) ) | |
| Intuit, Inc., a corporation, | ) ) ) ) | Docket No. 9408 |
| Respondent. | ) ) | |

## ORDER DENYING RESPONDENT'S MOTION
## TO COMPEL PRODUCTION OF DOCUMENTS

**I.**

On October 6, 2022, Respondent Intuit, Inc. ("Respondent" or "Intuit") filed a Motion to Compel Federal Trade Commission ("FTC") Complaint Counsel to produce documents and other "relevant materials" ("Motion"). Complaint Counsel filed its opposition on October 17, 2022 ("Opposition"). For the reasons set forth below, the Motion is DENIED.

**II.**

On May 6, 2022, Intuit served its First Set of Requests for Production of Documents ("Requests"). This matter was withdrawn from adjudication pursuant to Commission Rule of Practice 3.26(c) and the case was stayed. 16 C.F.R. § 3.26. After the Commission returned this matter to adjudication on August 19, 2022 and lifted the stay, Intuit re-served its Requests. Motion, Ex. A. Thereafter, Complaint Counsel served its responses and objections to Intuit's Requests. Motion, Ex. D. On September 26, 2022, Complaint Counsel produced 5,207 documents in response to Intuit's Requests. Opposition at 2. On October 13, 2022, Complaint Counsel produced an additional 1,247 documents to Intuit. Opposition at 2. The parties then engaged in various written and oral exchanges regarding discovery issues. Subsequently, the parties reached an impasse and this Motion followed.

Intuit seeks an order compelling Complaint Counsel to, within specific timeframes: (1) provide documents identified in Category J of its Initial Disclosures; (2) provide documents and data related to Professor Nathan Novemsky's surveys conducted on behalf of the FTC; and (3) provide materials responsive to the Requests. Proposed Order. In addition, Intuit requests an order compelling Complaint Counsel, when responding to the Requests, to search for: (1) communications and other material sent to and from the Commissioners or the Commissioners' offices; (2) communications and other materials sent between FTC counsel or other FTC legal staff that reflect conversations with third parties; (3) communications and other materials that

otherwise reflect information from external sources that are not known to Intuit; and (4) documents within the Bureau of Consumer Protection's and Bureau of Economics' possession beyond the investigative file related to this proceeding. Proposed Order. Finally, Intuit seeks an order compelling Complaint Counsel to provide a privilege log and to identify in writing the custodians whose documents are being searched to respond to the Requests. Proposed Order.

Complaint Counsel responds that it has already produced or agreed to produce many of the materials that are the subject of this Motion. Complaint Counsel further responds that, as to the materials it has not agreed to produce, the Requests exceed the limitations on discovery, seek privileged or attorney work product, seek materials that are not relevant, or that the Requests are overbroad and unduly burdensome. Opposition at 1.

### III.

FTC Rule 3.38(a) provides that: "A party may apply by motion to the Administrative Law Judge for an order compelling disclosure or discovery, including a determination of the sufficiency of the answers or objections with respect to . . . a production of documents" requested under Rule 3.37. 16 C.F.R. § 3.38(a). "Unless the Administrative Law Judge determines that the objection is justified, the Administrative Law Judge shall order that" documents be served. *Id.*

In determining whether Complaint Counsel's objections are justified, several principles apply. In general, "[p]arties may obtain discovery to the extent that it may be reasonably expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any respondent." 16 C.F.R. § 3.31(c)(1).

By way of limitation, however, the Rules provide:

> Complaint counsel need only search for materials that were collected or reviewed in the course of the investigation of the matter or prosecution of the case and that are in the possession, custody or control of the Bureaus or Offices of the Commission that investigated the matter, including the Bureau of Economics. The Administrative Law Judge may authorize for good cause additional discovery of materials in the possession, custody, or control of those Bureaus or Offices, or authorize other discovery pursuant to §3.36. Neither complaint counsel, respondent, nor a third party receiving a discovery request under these rules is required to search for materials generated and transmitted between an entity's counsel (including counsel's legal staff or in-house counsel) and not shared with anyone else, or between complaint counsel and non-testifying Commission employees, unless the Administrative Law Judge determines there is good cause to provide such materials.

16 C.F.R. § 3.31(c)(2). Furthermore, under the Rules, "[d]iscovery shall be denied or limited in order to preserve the privilege of a witness, person, or governmental agency . . . ." 16 C.F.R. § 3.31(c)(4).

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/20/2022 | Document No. 605914 | PAGE Page 3 of 6 * PUBLIC *;

PUBLIC

## IV.

Respondent's Motion seeks to compel Complaint Counsel to: (A) produce "certain documents by a specific date"; (B) produce documents that Complaint Counsel has refused to search for; and (C) produce a privilege log and list of custodians.

### A.     Timing of Production

Respondent's request that Complaint Counsel be compelled to produce certain documents that Complaint Counsel has agreed to produce by a certain date is rejected as unsupported and unwarranted.

Category J of Complaint Counsel's Initial Disclosures is described as "[c]orrespondence with and documents shared by individuals during the course of the Commission's investigation, FTC File No. 1923119, including consumers sharing information about their experiences with Intuit." Motion, Ex. C. Respondent seeks an order compelling Complaint Counsel to produce documents described in Category J within two days from this Order.

Complaint Counsel avers: "On October 13, 2022, Complaint Counsel produced 1,247 non-privileged, responsive documents to Intuit . . . including documents identified in Category J of Complaint Counsel's initial disclosures." Opposition, Declaration of Rebecca Plett, ¶ 6. Therefore, an order compelling the production of documents described in Category J of Complaint Counsel's Initial Disclosures is unnecessary at this time.

Respondent also seeks an order compelling Complaint Counsel to produce documents and data related to Professor Nathan Novemsky's surveys conducted on behalf of the FTC within two days from the date of this Order. Proposed Order. Specifically, Respondent requests "the data underlying a March 2022 'TurboTax Perception Survey'" conducted by Professor Novemsky, "which [Complaint Counsel] had relied upon in its Preliminary Injunction motion." Motion at 3-4.

In its Opposition, Complaint Counsel states that it "intends to identify and/or produce documents that it has agreed to produce that are covered by Intuit's [Requests for Production] related to Professor Novemsky's Declarations by October 28, 2022." Opposition at 7. Therefore, an order compelling the production of documents and data related to Professor Novemsky's declarations is unnecessary at this time.

Finally, Respondent requests that Complaint Counsel be compelled to produce "materials responsive to Respondent's Requests for Production of Documents that Complaint Counsel have agreed to produce" by October 21, 2022. Motion at 1. In its Opposition, Complaint Counsel represents that it "believes it will be able to complete substantially all of the production of documents it has agreed to produce pursuant to Intuit's First Set of [Requests for Production] by November 4, 2022." Opposition at 7-8. Complaint Counsel has adequately explained the efforts it has been making to review and produce responsive documents to Respondent. Opposition, Declaration of Rebecca Plett, ¶¶ 9, 10. Therefore, an order compelling Complaint Counsel to

Case: 24-60040    Document: 34-25    Page: 5    Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/20/2022 | Document No. 605914 | PAGE Page 4 of 6 * PUBLIC *;

PUBLIC

produce materials responsive to Respondent's Requests for Production of Documents that Complaint Counsel has agreed to produce is unnecessary at this time.

###    B.    Searching FTC Communications

Respondent's request – that Complaint Counsel be compelled to search for: (1) communications and other material sent to and from the Commissioners or the Commissioners' offices; (2) communications and other materials sent between FTC counsel or other FTC legal staff that reflect conversations with third parties; (3) communications and other materials that otherwise reflect information from external sources that are not known to Intuit; and (4) documents within the Bureau of Consumer Protection's and Bureau of Economics' possession beyond the investigative file related to this proceeding – is rejected for failure to establish good cause.

Pursuant to Commission Rule 3.31(c)(2), Complaint Counsel is not required to search for materials "between complaint counsel and non-testifying Commission employees, unless the Administrative Law Judge determines there is good cause to provide such materials." 16 C.F.R. § 3.31(c)(2). "Good cause" for "additional discovery" under Rule 3.31(c)(2) is satisfied only when the record demonstrates (1) the requested material is relevant, (2) the request is "reasonable in scope and stated with reasonable particularity," and (3) the request seeks information "not obtainable through other means." *In re 1-800 Contacts, Inc.*, 2016 FTC LEXIS 233, at *8-9 (Dec. 20, 2016). The "good cause" standard under Rule 3.31(c)(2) is exacting. Thus, "[t]he mere hope that some of the material might be useful does not constitute good cause." *In re Kroger Co.*, 1977 FTC LEXIS 55, at *4 (Oct. 27, 1977). Good cause is unlikely to exist where the documents sought are "duplicative, privileged or work product." *See In re 1-800 Contacts, Inc.*, 2016 FTC LEXIS 233, at *8 n.4.

First, Respondent argues that communications with Commissioners may be relevant because of its affirmative defenses, including that "the Complaint is invalid because the Commission did not vote on the final Complaint." Motion at 8. To the extent that Intuit seeks "to challenge the Commission's actions, processes, or decision making leading up to the issuance of the Complaint in this case, '[p]recedent dictates that such matters are not relevant for purposes of discovery in an administrative adjudication.'" *In re LabMD, Inc.*, 2014 WL 985170, at *4 (F.T.C. Feb. 25, 2014). Moreover, Respondents may not probe "the internal decision-making process of an administrative agency . . . on bare suspicion or to '[license] extended fishing expeditions in waters of unknown productivity in the vague hope of 'catching the odd one.''" *In re School Services, Inc.*, 1967 FTC LEXIS 125, at *7 (June 16, 1967) (internal citations omitted). The decision-making leading up to the complaint "is ordinarily privileged since [such information relates] to an integral part of the decision-making process" of government. *Id.* at *5 (citation omitted); *see also FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("[T]he government's 'deliberative process privilege' . . . permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated.) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). Accordingly, Respondent has not established good cause to compel Complaint Counsel to produce communications and other materials sent to and from the Commissioners or the Commissioners' offices.

Case: 24-60040   Document: 34-25   Page: 6   Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/20/2022 | Document No. 605914 | PAGE Page 5 of 6 * PUBLIC *;

PUBLIC

Second, Respondent argues that communications and other materials sent between FTC counsel or other FTC legal staff that reflect conversations with third parties is relevant and "there is no basis for excluding information obtained from nonparties from discovery simply because that information is captured in an email between FTC staff." Motion at 8-9. Materials sent between FTC counsel or other FTC legal staff that reflect conversations with third parties contain work product. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity."). "[T]here seems to be no question" that "interview reports or attorneys' notes" on meetings with witnesses "are within the class of documents 'prepared in anticipation of litigation' and covered by [Commission Rule 3.31(c)(5)]." *In re General Motors Corp.*, 1982 WL 608290 at *109 (F.T.C. June 25, 1982). Respondent has neither asserted nor supported the "substantial need" required to compel disclosure of work product. 16 C.F.R. § 3.31(c)(5) (material "prepared in anticipation of litigation" may be obtained through discovery "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of its case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means). Accordingly, to the extent the requested materials fall under Rule 3.31(c)(2) or involve work product, Complaint Counsel will not be compelled to produce materials sent between FTC counsel or other FTC legal staff that reflect conversations with third parties.

Third, Respondent seeks "communications and other materials that otherwise reflect information from external sources that are not known to Intuit." Motion at 7-8; Proposed Order. This request is impermissibly vague and broad. To the extent it requests work product, it is rejected. In addition, several of Intuit's requests for production, such as Request 6,[1] are not limited to a certain time period or to this specific respondent. Requiring Complaint Counsel to sift through internal Commission communications without any time limitation and relating to advertisements by any company is not reasonable in scope. Accordingly, Respondent has not established good cause to compel Complaint Counsel to produce "communications and other materials that otherwise reflect information from external sources that are not known to Intuit."

Fourth, Respondent seeks documents within the Bureau of Consumer Protection's and Bureau of Economics' possession beyond the investigative file related to this proceeding. Proposed Order. Rule 3.31(c)(2) states clearly that complaint counsel "need only search for materials that were collected or reviewed in the course of the investigation of the matter or prosecution of the case and that are in the possession, custody or control of the Bureaus or Offices of the Commission that investigated the matter, including the Bureau of Economics" unless the Administrative Law Judge finds good cause to provide such materials. 16 C.F.R. § 3.31(c)(2). Respondent presents no argument in support of its request other than "responsive documents stored outside of CC's investigative file would plainly be relevant." Motion at 8. "[C]onclusory, unsupported assertions do not demonstrate relevance." *In re LabMD, Inc.*, 2014 FTC LEXIS 22, at *12 (Jan. 30, 2014). Accordingly, Respondent has not established good cause to compel Complaint Counsel to produce documents beyond the investigative file related to this proceeding.

---

[1] Intuit's Request for Production 6 seeks "All DOCUMENTS discussing, analyzing, OR reviewing advertisements for 'free' merchandise OR services by INTUIT OR ANY other company." Motion, Ex. A at 6.

Case: 24-60040 Document: 34-25 Page: 7 Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/20/2022 | Document No. 605914 | PAGE Page 6 of 6 * PUBLIC *;

PUBLIC

### C. Privilege Log and Identification of Custodians

Respondent seeks to compel Complaint Counsel to provide a privilege log and to specify the materials and custodians that Complaint Counsel will search in response to Intuit's discovery requests. Commission Rule 3.38A(a) sets forth:

> Any person withholding material responsive to a . . . request for the production of materials under this part, shall assert a claim of privilege or any similar claim not later than the date set for production of the material. Such person shall, if so directed in the subpoena or other request for production, submit, together with such claim, a schedule which describes the nature of the documents, communications, or tangible things not produced or disclosed - and does so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. The schedule need not describe any material outside the scope of the duty to search set forth in § 3.31(c)(2) except to the extent that the Administrative Law Judge has authorized additional discovery as provided in that paragraph.

16 C.F.R. § 3.38A(a).

Because Commission Rule 3.31(c)(2) excludes from discovery materials "between complaint counsel and non-testifying Commission employees, unless the Administrative Law Judge determines there is good cause to provide such materials," 16 C.F.R. § 3.31(c)(2), and, because, as set forth above, good cause to provide such materials has not been demonstrated, no privilege log is required for material within the scope of 3.31(c)(2). Furthermore, there is no requirement in the Rules that Complaint Counsel identify the names of the FTC employees whose documents it intends to search for responsive materials and such requirement will not be imposed.

### V.

For the above stated reasons, Respondent's Motion is DENIED.

ORDERED:  *DM Chappell*

D. Michael Chappell
Chief Administrative Law Judge

Date: October 20, 2022

6