# EXHIBIT I

Case: 24-60040   Document: 34-26   Page: 2   Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 1 of 7 * PUBLIC *;
PUBLIC

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| In the Matter of )<br><br>Intuit, Inc., )<br>   a corporation, )<br><br>      Respondent. )<br> | Docket No. 9408 |

ORDER DENYING RESPONDENT'S MOTION
FOR DISCOVERY PURSUANT TO RULE 3.36

**I.**

On October 14, 2022, Respondent Intuit, Inc. ("Respondent" or "Intuit") filed a Motion for Discovery Pursuant to Federal Trade Commission ("FTC") Rule of Practice 3.36, 16 C.F.R. § 3.36, seeking an order authorizing the issuance of subpoenas *duces tecum* to the Commissioners and to the Secretary of the FTC and their respective staffs ("Motion"). Complaint Counsel filed an opposition on October 24, 2022.[1] For the reasons set forth below, Intuit's Motion is DENIED.

**II.**

Respondent's proposed subpoenas seek to obtain documents related to four categories: (1) the FTC's "Guide Concerning Use of the Word 'Free' and Similar Representations"[2] ("Free Guide"); (2) the FTC's business guidance titled ".com Disclosures: How to Make Effective Disclosures in Digital Advertising"[3] (".com Disclosures Guide"); (3) the FTC's ability to obtain monetary relief following the Supreme Court's April 22, 2021 decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (Apr. 22, 2021); and (4) Intuit's affirmative defenses

---

[1] On October 26, 2022, Intuit sought leave to file a reply in support of its Motion, pursuant to FTC Rule 3.22(d), 16 C.F.R. § 3.22(d). Rule 3.22(d) provides that a reply brief "shall be permitted only in circumstances where the parties wish to draw the Administrative Law Judge's or the Commission's attention to recent important developments or controlling authority that could not have been raised earlier in the party's principal brief." 16 C.F.R. § 3.22(d). Intuit's proposed reply does not reference any "recent important developments or controlling authority" or any other argument that "could not have been raised earlier" in Intuit's Motion. Accordingly, Intuit's request to file a reply is DENIED.

[2] 16 C.F.R. § 251.1.

[3] Available at https://www.ftc.gov/business-guidance/resources/com-disclosures-how-make-effective-disclosures-digital-advertising.

Case: 24-60040      Document: 34-26      Page: 3      Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 2 of 7 * PUBLIC *;

PUBLIC

that these administrative proceedings violate Intuit's procedural due process right to adjudication before a neutral arbiter. Motion at 1-2; *see* Answer at 25 (Sixth, Eighth, and Ninth Defenses).

Specifically, regarding the Commissioners, Intuit seeks:

1. All documents or communications concerning any votes or potential votes taken by the Commissioners related to Intuit.

2. All documents or communications concerning any Twitter posts by Chair Lina Khan about Intuit, including posts from March 29, 2022.

3. All documents sufficient to show who operates Chair Lina Khan's Twitter account.

4. All communications concerning Intuit, including communications between Commissioners and communications with nonparties.

5. All documents or communications related to the FTC's consideration of whether to update its guidance document titled ".com Disclosures: How to Make Effective Disclosures in Digital Advertising," which was announced via press release on June 3, 2022.

6. All documents or communications related to the FTC's guidelines regarding the use of the word "free" and similar representations in advertising, and all documents or communications concerning the application, relevance, and meaning of those guidelines, including, but not limited to, documents or communications relating to studies, research, expert reports, or other analyses of the use of the word "free" and similar representations in advertising.

7. All documents or communications related to the FTC's ability to obtain monetary relief following the Supreme Court's April 22, 2021 decision in *AMG Capital Mgmt., LLC v. FTC*, No. 19-508, including any internal memoranda or other legal analyses.

8. Any documents or communications concerning the speech Chair Lina Khan gave at an antitrust conference at Chicago Booth on April 22, 2022, including any drafts of copies of that speech.

9. Any documents or communications concerning the treatment of Intuit's Rule 2.31 motion.

Motion, Exhibit A. With respect to requests 1 and 4-7, Intuit also requests that a privilege log be included, to the extent any privilege is asserted. *Id.*

With regard to the FTC Secretary, Intuit seeks:

1. All documents or communications concerning any votes or potential votes taken by the Commissioners related to Intuit.

2. All documents or communications concerning the "case summary" on the docket sheet on ftc.gov for the above-captioned case.

3. All communications concerning Intuit, including communications between Commissioners and communications with nonparties.

4. All documents or communications related to the treatment of Intuit's Rule 2.31 motion.

5. All documents or communications related to the FTC's ability to obtain monetary relief following the Supreme Court's April 22, 2021 decision in *AMG Capital Mgmt., LLC v. FTC*, No. 19-508, including any internal memoranda or other legal analyses.

Motion, Exhibit B. With the exception of request 4, Intuit also requests that a privilege log be included, to the extent any privilege is asserted. *Id.*

### III.

FTC Rule 3.31(c)(1) provides that "[p]arties may obtain discovery to the extent that it may be reasonably expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any respondent. . . . Information may not be withheld from discovery on grounds that the information will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." 16 C.F.R. § 3.31(c)(1). Under Rule 3.31(c)(4), "[d]iscovery shall be denied or limited in order to preserve the privilege of a witness, person, or governmental agency . . . ." 16 C.F.R. § 3.31(c)(4).

Rule 3.31(c)(2) further provides:

> Complaint counsel need only search for materials that were collected or reviewed in the course of the investigation of the matter or prosecution of the case and that are in the possession, custody or control of the Bureaus or Offices of the Commission that investigated the matter, including the Bureau of Economics. The Administrative Law Judge may authorize for good cause additional discovery of materials in the possession, custody, or control of those Bureaus or Offices, or authorize other discovery pursuant to § 3.36.

16 C.F.R. § 3.31(c)(2).

Rule 3.36(a) requires that an application for a subpoena for documents from the Commissioners or the Secretary or their respective staffs must be made by motion. 16 C.F.R. § 3.36(a). A Rule 3.36 motion must show that (1) the subpoena is reasonable in scope; (2) the requested material falls within the relevancy limits for discovery under Rule 3.31, *supra*; (3) the discovery cannot reasonably be obtained by other means; and (4) the subpoena complies with the requirements of Rule 3.37 (including, among other requirements, that the document requests specify the requested material "with reasonable particularity"). 16 C.F.R. § 3.36(b).

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 4 of 7 * PUBLIC *;
PUBLIC

Rule 3.36 requires "a special showing of need for subpoenas directed to the offices of the Commissioners, the General Counsel, Bureaus and Offices not involved in the matter, the ALJs, and the Secretary because these offices are unlikely to possess relevant, discoverable information that is not available from other sources." Interim Final Rules with Request for Comment, 74 Fed. Reg. 1804, 1815 (Jan. 13, 2009). In adopting Rule 3.36, "[t]he Commission believed that the lack of useful additional information likely to be available from these offices suggested that the burden (and delay) of searches for responsive records and the creation of privilege logs should not be imposed without strong justification." *Id.*

### IV.

#### A. Discovery Related to the Free Guide, .com Disclosures Guide, and Ability to Seek Monetary Relief

Intuit argues that materials related to the Free Guide and .com Disclosures Guide are relevant because Complaint Counsel argued in its pending motion for summary decision that these materials support finding that Intuit's advertisements were deceptive and that discovery into "[m]aterials interpreting that guidance may undermine these arguments." Motion at 4. Intuit further asserts that "the Commission has effectively acknowledged that its .com Guidance supports Intuit's theories and has [as a result] sought to retract that guidance." Motion at 4.[4] As shown below, neither of these contentions support a finding that the materials are relevant.

Regardless of what Complaint Counsel may have argued in its motion for summary decision, the Complaint makes no allegations regarding violations of the Free Guide or the .com Disclosures Guide. Moreover, such guidance publications do not constitute binding law and violation of the guidance publications do not establish a violation of the FTC Act. *See FTC v. Mary Carter Paint Co.*, 382 U.S. 46, 47-48 (1965) (noting, in case involving advertisement of "free" item, that FTC "Guides Against Deceptive Pricing" are only "guides, not fixed rules as such, and were designed to inform businessmen of the factors which would guide Commission decision"); *see also In re Arnold Constable Corp.*, 1961 WL 65689, at *9 (F.T.C. Jan. 12, 1961) (stating that "the question for adjudication" in case involving alleged false comparison pricing "is not whether the advertising departed from criteria announced in the Guides [Against Deceptive Pricing] but whether [a] violation of the Act itself was shown. . . . To such extent as the initial decision's reference to violation of guides may suggest or imply their force and effect as substantive law, such statement is patently erroneous").

To the extent Intuit is arguing that discovery is justified because the Commission may have relied on the Free Guide or the .com Disclosures Guide in issuing the Complaint, precedent holds that "[t]he reasons for issuing a complaint and the information considered or evaluated prior to issuance 'are outside the scope of discovery, absent extraordinary circumstances.'" *In re Axon Enter., Inc.*, 2020 WL 4346544, at *2 (F.T.C. July 21, 2010) (quoting *In re LabMD, Inc.*,

---

[4] Intuit relies on a June 3, 2022 FTC press release, "FTC Looks to Modernize Its Guidance on Preventing Digital Deception," which notes that "some companies are wrongly citing the guides to justify practices that mislead consumers online."

4

Case: 24-60040     Document: 34-26     Page: 6     Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 5 of 7 * PUBLIC *;

PUBLIC

2014 FTC LEXIS 45, *7 (Mar. 10, 2014)). *See also In re Exxon Corp.*, 1974 FTC LEXIS 226, at *2-3 (June 4, 1974) (stating that once the Commission issued a complaint, "the issue to be litigated is not the adequacy of the Commission's pre-complaint information or the diligence of its study of the material in question but whether the alleged violation has in fact occurred"). Respondent has not demonstrated any extraordinary circumstances justifying the requested discovery.[5]

With regard to the documents Intuit seeks regarding the Commission's ability to obtain monetary relief post-*AMG*, Intuit argues that "the FTC reserved the right to seek monetary relief," and that therefore "[m]aterials related to whether, and when, the FTC can obtain that relief are relevant." Motion at 4-5. Respondent's argument is unsupported. The Notice of Contemplated Relief included in the Complaint does not include any request for monetary relief, nor is the FTC authorized to obtain monetary relief in this administrative proceeding. *AMG*, 141 S. Ct. at 1346 (noting that in administrative proceedings on a complaint issued by the Commission under section 5 of the FTC Act, "[i]f the ALJ concludes that the conduct at issue was unfair or misleading, the ALJ will issue an order requiring the party to cease and desist from engaging in the unlawful conduct").[6]

Based on the foregoing, Respondent has failed to demonstrate that discovery into materials related to the Free Guides, the .com Disclosure Guides, or the FTC's right to obtain monetary relief is relevant to any claim, defense, or proposed relief in this matter, as required by Rule 3.31 and Rule 3.36. Accordingly, it is not necessary to further evaluate whether the requested discovery otherwise complies with the requirements of Rule 3.36, including whether the discovery requests are reasonable in scope or whether the materials cannot reasonably be obtained through other means.

### B. Discovery Related to Alleged Prejudgment by the Commission

Intuit argues that "one or more Commissioners prejudged the merits of this dispute" and that such evidence is relevant to Intuit's affirmative defenses that these proceedings deprive it of its due process right to adjudication by a neutral arbiter. Motion at 5. Intuit contends that the Chair has made public statements about Intuit that "reasonably call into question her impartiality" and therefore Intuit is entitled to discovery of materials related to these statements, in order to develop its affirmative defense of prejudgment. Motion at 5. As shown below, Intuit's contention is without merit.

---

[5] Although applicable precedent holds that the Commission's decision making in issuing a complaint is outside the scope of discovery in the ensuing administrative litigation, limiting discovery on this basis does not prejudice a respondent's ability to pursue its claim at a later phase of the case. The Supreme Court has held that issuance of a complaint is reviewable on appeal of any resulting cease and desist order and noted that the FTC Act expressly authorizes a court of appeals to order that the Commission take additional evidence. *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 245-46 (1980) (citing 15 U.S.C. § 45(c) and stating that "a record which would be inadequate for review of alleged unlawfulness in the issuance of a complaint can be made adequate").

[6] Under *AMG*, the FTC may, in certain circumstances, obtain monetary relief from a federal court after entry of a cease and desist order. 141 S. Ct. at 1346. What relief the FTC may choose to pursue in federal court in the future is speculative and beyond the scope of the instant proceedings.

Case: 24-60040   Document: 34-26   Page: 7   Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 6 of 7 * PUBLIC *;

PUBLIC

Respondent first points to the FTC Chair's "retweeting" from her personal twitter account a press release tweeted by the FTC about the filing of the instant case. The FTC tweet summarized the case as a suit for "deceptive" advertisements seeking to stop the alleged "deceptive" advertisements. Motion, Exhibit F. Chair Khan's retweeting of an FTC press release does not reasonably call into question the Chair's impartiality, as claimed by Respondent, and does not indicate any prejudgment of the merits of this case. The Chair merely retweeted, without any commentary, an FTC post linking to a published FTC press release that reported the filing of the suit against Intuit and summarized the allegations and relief requested. As held in *FTC v. Cinderella Career & Finishing Schools, Inc.*, 404 F.2d 1308 (D.C. Cir. 1968), such press releases are not indicative of prejudgment or a violation of due process. *Id.* at 1314-15 (holding that the Commission's issuance of press releases that called attention to the pending proceedings and allegations did not constitute prejudgment or violate respondent's right to due process of law).

Intuit next points to a public question-and-answer session in which the Chair stated:

> On the consumer protection side, the FTC, a few weeks ago, filed a lawsuit against TurboTax . . . alleging that TurboTax had been showing all these ads that are allegedly deceptive, and that it was really important to get that relief ahead of Tax Day. I think that type of timely intervention and timely filing of lawsuits is incredibly important.

Motion at 5.[7] Factual statements that the FTC has brought a lawsuit alleging deception are akin to a factual press release describing pending adjudicatory proceedings and allegations, which, as noted above, does not evince prejudgment. *Cinderella Career & Finishing Schools*, 404 F.2d at 1314-15.

Moreover, the cases upon which Intuit relies in which prejudgment was found to exist are factually distinguishable because in each case the adjudicative decisionmaker made affirmative comments on the merits of the case. In *Cinderella Career and Finishing Schools, Inc. v. FTC*, 425 F.2d 583 (D.C. Cir. 1970), cited by Respondent, the complaint alleged that respondent's advertising contained the false representation that completion of its courses would qualify students to become airline stewardesses. The court held that a speech by the then-Commission Chair, condemning false advertising in general and specifically citing as an example a representation that one can "becom[e] an airline's hostess by attending a charm school," showed prejudgment about the respondent's case which was then pending before the Commission. *Id.* at 590-92. In *Antoniu v. SEC*, 877 F.2d 721 (8th Cir. 1989), also cited by Respondent, an SEC Commissioner stated in a speech that "[i]n the case of [the respondent], his bar from association with a broker-dealer was made permanent" when in fact the case was still pending and the asserted permanent bar had not been determined. *Id.* at 722-23. In the instant case, by contrast, the public statements upon which Respondent relies refer to the allegations of the Complaint and do not comment on their merits.

---

[7] Rolnik, *Q&A With FTC Chair Lina Khan: "The Word 'Efficiency' Doesn't Appear Anywhere in the Antitrust Statutes,"* ProMarket (June 3, 2022), https://www.promarket.org/2022/06/03/qa-with-ftc-chair-lina-khan-the-word-efficiency-doesnt-appear-anywhere-in-the-antitrust-statutes/.

Case: 24-60040　Document: 34-26　Page: 8　Date Filed: 03/01/2024

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 11/7/2022 | Document No. 606127 | PAGE Page 7 of 7 * PUBLIC *;

PUBLIC

  Intuit further represents that it "understands that inaccurate information was shared with the Commissioners," regarding the enforceability of Intuit's settlement with the Attorneys General of 50 states and the District of Columbia, "and that this inaccurate information may have impacted one or more Commissioner's decision to bring this case and may have led to prejudgment of the matter." Motion at 3. Intuit does not specify the alleged inaccurate information or provide any evidentiary basis supporting the allegation. Moreover, Intuit's unsupported and vague allegation does not evince prejudgment. Conjecture about the motivations of the Commission does not give Intuit license to probe "the internal decision-making process of an administrative agency." *In re School Services, Inc.*, 1967 FTC LEXIS 125, at *7 (June 16, 1967). Intuit's argument appears to be another attempt to obtain discovery into the Commission's decision making in issuing the Complaint. As set forth above, precedent dictates that such matters are not discoverable. *Axon*, 2020 WL 4346544 at *2; *see also Exxon Corp.*, 1974 FTC LEXIS 226 at *2-3.

  Based on the foregoing, Respondent has failed to support its assertions as to the possibility of prejudgment by the Commissioners in issuing the Complaint, and therefore has failed to demonstrate that its requested discovery is relevant to its affirmative defense. Because Respondent has failed to demonstrate relevance, it is not necessary to further evaluate whether the discovery requests otherwise comply with the requirements of Rule 3.36, including whether the discovery requests are reasonable in scope or whether the materials cannot be reasonably obtained through other means.

## V.

  For the above stated reasons, Respondent's Motion for Discovery Pursuant to FTC Rule of Practice 3.36 is DENIED.

ORDERED:

*DM Chappell*

D. Michael Chappell
Chief Administrative Law Judge

Date: November 7, 2022