# EXHIBIT J

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 1/3/2023 | Document No. 606570 | PAGE Page 1 of 3 * PUBLIC *;

PUBLIC

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Intuit, Inc., ) | Docket No. 9408 |
| a corporation, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING RESPONDENT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND A REVISED PRIVILEGE LOG

**I.**

On December 19, 2022, Respondent Intuit, Inc. ("Respondent" or "Intuit") filed a Motion to Compel Production of Documents and a Revised Privilege Log ("Motion"). Federal Trade Commission ("FTC" or "Commission") Complaint Counsel filed its opposition on December 28, 2022 ("Opposition"). For the reasons set forth below, Intuit's Motion is DENIED.

**II.**

Pursuant to Commission Rule 3.31(c)(1): "Parties may obtain discovery to the extent that it may be reasonably expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any respondent." 16 C.F.R. § 3.31(c)(1). Discovery shall be limited if the Administrative Law Judge determines that it is "unreasonably cumulative or duplicative," or the "burden and expense of the proposed discovery . . . outweigh its likely benefit." 16 C.F.R. § 3.31(c)(2)(i), (iii). "Unless the Administrative Law Judge determines that the objection is justified, the Administrative Law Judge shall order that . . . [responses] be made." 16 C.F.R. § 3.38(a). Under Rule 3.31(c)(4), "[d]iscovery shall be denied or limited in order to preserve the privilege of a witness, person, or governmental agency . . . ." 16 C.F.R. § 3.31(c)(4).

The Complaint in this case alleges that, in connection with advertising and selling Intuit's tax preparation products and services, Respondent made express and/or implied representations that consumers could file their taxes for free using TurboTax, but that in fact "in numerous instances Respondent does not permit consumers" to do so, and therefore made false or misleading representations in violation of the FTC Act. *See, e.g.*, Complaint ¶¶ 119-122. Respondent denies that it made any false or misleading representations. Answer ¶¶ 119-121.

### III.

Respondent seeks an order requiring Complaint Counsel to produce documents reflecting communications between the FTC and: the Internal Revenue Service ("IRS"); certain state Attorneys General ("State AGs"); the Los Angeles City Attorney's Office; and the Santa Clara County Counsel's Office. Respondent argues that Complaint Counsel improperly withheld these communications and that Complaint Counsel's privilege log fails to comply with Rule 3.38A.[1] Complaint Counsel responds that the requested communications are not relevant to any claim or valid defense and argues that Respondent has not demonstrated otherwise. Complaint Counsel argues in the alternative that, even if the requested communications were deemed relevant, Complaint Counsel has properly withheld its communications with other government agencies as privileged and has also provided an updated privilege log that Complaint Counsel asserts is fully compliant with Rule 3.38A.

Respondent contends that communications between the FTC and the IRS are relevant because Complaint Counsel has argued that "Intuit invented the phrase 'simple tax returns,'" which Intuit uses when advertising its TurboTax Free Edition, but that in fact, Intuit uses a term employed by the IRS, and is commonly understood. Motion at 6. In support of this argument, Respondent attaches to its Motion a United States Government Accountability Office publication referring to the IRS's classification of a "simple tax return" as a form 1040 with no attached schedules. *See* RX 78 at 14. Thus, according to Respondent, whether Respondent created the phrase "simple tax return" or whether the meaning is "commonly understood" is a relevant issue. However, Respondent fails to show how *communications* between the FTC and the IRS would shed light on this issue, or to demonstrate how discovery of these communications is reasonably calculated to lead to the discovery of relevant, admissible evidence. Moreover, it appears, based on Respondent's reference to its own exhibit, that Respondent possesses evidence indicating whether or not Intuit uses the phrase "simple tax return" in a manner similar to the IRS.

With regard to communications with the State AGs, Respondent asserts that "[a] potentially critical issue in this case is whether Intuit's settlement agreement with all 50 states and the District of Columbia fully addresses the alleged deception." Motion at 8. Again, however, Intuit fails to explain how communications between the FTC and the State AGs would be relevant to that issue. Whether the relief requested in this case is no longer necessary or legally permissible in light of the State AG settlements is a legal issue. *See In re Intuit, Inc.*, 2022 WL 16960876, at *5-6 (Oct. 31, 2022) (denying Respondent's motion to compel answers to interrogatories regarding whether Complaint Counsel deemed the State AG settlements sufficient and/or obviated the need for relief in the instant case). Moreover, "conclusory, unsupported assertions" of relevance, such as those made by Respondent "do not demonstrate relevance." *In re LabMD, Inc.*, 2014 FTC LEXIS 22, at *12 (Jan. 30, 2014).

---

[1] Rule 3.38A requires, in pertinent part, that parties withholding responsive material submit a privilege log describing "the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." 16 C.F.R. § 3.38A(a).

Finally, as to the FTC's communications with the Los Angeles City Attorney's Office and the Santa Clara County Counsel's Office, Respondent fails altogether to articulate the relevance of such communications.

Based on the foregoing, Respondent has failed to demonstrate that the requested communications are relevant to any claim, defense, or proposed relief in this matter, as required by Rule 3.31. Accordingly, having failed to show these communications are relevant, whether Complaint Counsel has properly withheld the communications as privileged, or whether Complaint Counsel's privilege log is adequate under Rule 3.38A need not be decided.

## IV.

For the above stated reasons, Respondent's Motion is DENIED.

ORDERED:   _____
D. Michael Chappell
Chief Administrative Law Judge

Date: January 3, 2023