No. 24-60040

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────────────────────────────────────

INTUIT, INCORPORATED,
*Petitioner*,

v.

FEDERAL TRADE COMMISSION,
*Respondent.*

─────────────────────────────────────────

Petition for Review on an Order of the
Federal Trade Commission
(FTC Docket No. 9408)

─────────────────────────────────────────

**Federal Trade Commission's Motion for Level 1
Extension of Time to File Answering Brief**

─────────────────────────────────────────

Of Counsel:
LOIS C. GREISMAN
WILLIAM MAXSON
ROBERTO ANGUIZOLA
REBECCA PLETT
JAMES EVANS
SARA TONNESEN
   *Attorneys*

FEDERAL TRADE COMMISSION
Washington, D.C. 20580

ANISHA S. DASGUPTA
   *General Counsel*

MARIEL GOETZ
   *Acting Deputy General Counsel*

BRADLEY DAX GROSSMAN
   *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
bgrossman@ftc.gov
202-326-2994

Respondent, the Federal Trade Commission, respectfully requests, pursuant to Federal Rules of Appellate Procedure 26(b) and 27, and 5th Circuit Rule 31.4.3.1, a 30-day Level 1 extension of time from May 15 to June 14, 2024 to file its answering brief. This is the FTC's first request for an extension of time, and it is justified by the nature of the issues raised in petitioner Intuit's opening brief, the need for multiple levels of review within the FTC and coordination with other government agencies, and another filing deadline that prevented undersigned counsel from working on the brief until this point. Intuit stated that it would consent to an extension of up to 14 days, but would "promptly file an opposition" should the FTC seek a longer extension.

Intuit seeks review of a final FTC cease-and-desist order, which the Commission issued after determining that Intuit had engaged in deceptive advertising in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). On March 18, 2024, this Court denied Intuit's motion to stay the order pending appeal. On April 15, Intuit filed its opening brief, which argues that the administrative proceeding was unconstitutional, that the Commission erred by finding its ads deceptive, and that the Commission's order is unwarranted and violates the First Amendment. Intuit has not moved to expedite this appeal.

For the following reasons, good cause exists to grant the FTC a 30-day extension of time for its answering brief.

1. Intuit's appeal draws on a voluminous administrative record involving a multi-week trial, 41 fact witnesses, 6 expert witnesses, and 2,300 exhibits, which culminated in a 91-page single-spaced ruling by the Commission. Intuit also argues that (1) the administrative law judge was unconstitutionally insulated from removal, Br. 27-30; (2) the Commission violated Article III by adjudicating Intuit's "private rights," Br. 30-33; and (3) the proceeding violated due process, including because FTC Chair Lina M. Khan was biased against Intuit, Br. 23-26. The FTC will require substantial time to respond to these complex arguments, which will require close review at numerous levels of FTC management. Moreover, Intuit's constitutional arguments implicate the interests of many federal agencies, requiring coordination with the Department of Justice, which is litigating similar issues in various jurisdictions. *See, e.g.*, *Jarkesy v. SEC*, No. 22-859 (S. Ct. *argument heard* Nov. 29, 2023); *Meta Platforms, Inc. v. FTC*, No. 24-5054 (D.C. Cir.); *H&R Block Inc. v. Himes*, No. 4:24-cv-198 (W.D. Mo.).

2. With the FTC's consent, Americans for Prosperity, the U.S. Chamber of Commerce, and the Cato Institute have filed separate *amicus curiae* briefs supporting Intuit's constitutional arguments. The FTC will require further time to consider and respond to *amici*'s arguments.

3. Undersigned counsel, the lead attorney preparing the FTC's opposition brief, had a major summary-judgment filing due last Friday, April 19, which

prevented him from working on the brief until now. The briefing schedule in that case, *Chamber of Commerce of the United States v. FTC*, No: 1:22-cv-2070 (D.D.C.), was set before the briefing schedule was established in the present case.

The FTC anticipates that an extended deadline of June 14 will be sufficient to allow careful briefing of the numerous constitutional and fact-intensive merits arguments raised in Intuit's opening brief.

For the foregoing reasons, the Court should grant the FTC's request for a 30-day extension through June 14, 2024 to file its answering brief.

Respectfully submitted,

A<small>NISHA</small> S. D<small>ASGUPTA</small>
   *General Counsel*

M<small>ARIEL</small> G<small>OETZ</small>
   *Acting Deputy General Counsel*

April 23, 2024

/s/ Bradley Grossman
B<small>RADLEY</small> D<small>AX</small> G<small>ROSSMAN</small>
   *Attorney*

F<small>EDERAL</small> T<small>RADE</small> C<small>OMMISSION</small>
Office of the General Counsel
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2994
bgrossman@ftc.gov

Of Counsel:

L<small>OIS</small> C. G<small>REISMAN</small>
W<small>ILLIAM</small> M<small>AXSON</small>
R<small>OBERTO</small> A<small>NGUIZOLA</small>
R<small>EBECCA</small> P<small>LETT</small>
J<small>AMES</small> E<small>VANS</small>
S<small>ARA</small> T<small>ONNESEN</small>
   *Attorneys*

F<small>EDERAL</small> T<small>RADE</small> C<small>OMMISSION</small>
   Washington, D.C. 20580

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing motion complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 559 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

April 23, 2024                          /s/ Bradley Grossman
                                                     Bradley Dax Grossman
                                                     Attorney
                                                     Federal Trade Commission
                                                     600 Pennsylvania Avenue, N.W.
                                                     Washington, D.C. 20580