**No. 24-60040**

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

INTUIT INC.,

*Petitioner*,

*v.*

FEDERAL TRADE COMMISSION,

*Respondent.*

On Petition for Review of a Final Order of the Federal Trade Commission
Dated January 19, 2024, FTC Docket No. 9408

## PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and Circuit Rule 31.4, petitioner moves this Court for a 7-day extension of the deadline to file its reply brief, to and including July 12, 2024, and an accompanying 7-day extension of the deadline to file a copy of the portions of the record relied upon by the parties in their briefs. This is petitioner's first request for an extension. Respondent does not oppose this request.

1.     Petitioner filed its opening brief on April 15, 2024. After receiving a 30-day extension of time, respondent filed its answering brief on June 14. Absent

- 1 -

an extension, petitioner's reply brief would be due on July 5, which is the day after
the July 4 holiday.

2.      There is good cause for the requested 7-day extension here.

3.      *First,* as respondent noted in its motion for a 30-day extension of time
to file its answering brief, this appeal draws on a voluminous administrative record
involving a multi-week trial, 41 fact witnesses, 6 expert witnesses, 2,300 exhibits,
and a 91-page single-spaced ruling by the FTC.  The appeal also raises significant
constitutional issues regarding due process, the insulation of the FTC's ALJs from
removal, the FTC's authority to adjudicate private rights, and the non-delegation
doctrine.  The requested extension is warranted to allow petitioner sufficient time
to address the government's arguments regarding the extensive record and
constitutional issues here.

4.      *Second,* the additional time will enable petitioner's counsel to prepare
an adequate brief in light of personal and professional obligations and conflicts
surrounding the July 4 holiday.  Several of petitioner's attorneys have vacations
planned in the weeks leading up to the current deadline of July 5.

5.      *Third,* petitioner's counsel have several other litigation deadlines in
the weeks leading up to and immediately following the current filing deadline here.
These include an opening brief in *Democratic National Committee v. Scanlan*, No.
2024-0247 (N.H.), due June 17; an in-person status conference in *Henry v. Brown*

*University*, No. 22-cv-00125 (N.D. Ill.), on June 18; two oppositions to class certification in *Klein v. Meta Platforms*, No. 3:20-cv-08570 (N.D. Cal.), due June 21; a motion to dismiss in *Gibson v. National Association of Realtors*, No. 4:23-cv-00788 (W.D. Mo.), due July 1; and a response brief in *Center for Biological Diversity v. U.S. Department of the Interior*, No. 23-5308 (D.C. Cir.), due July 8.

6.     If the Court extends the deadline for petitioner to file its reply brief, an equal extension of time for petitioner to file relevant record excerpts is warranted. Circuit Rule 30.2(b) provides that petitioner must "file[] within 21 days of the filing of respondent's brief" "portions of the record relied upon by the parties in their briefs." Without an extension, petitioner must file these record materials by July 5. Extending this deadline will enable petitioner to ensure that any record materials relied on in its reply brief are included in the portions of the record filed with the Court.

## CONCLUSION

For good cause shown, the Court should extend by one week to July 12, 2024, the deadline for the filing of both petitioner's reply brief and the portions of the record relied upon by the parties in their briefs.

June 17, 2024                              Respectfully submitted,

                                           /s/ Daniel S. Volchok
                                           HOWARD M. SHAPIRO
                                           JONATHAN E. PAIKIN
                                           DANIEL S. VOLCHOK
                                           DEREK A. WOODMAN
                                           WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                           2100 Pennsylvania Avenue N.W.
                                           Washington, D.C. 20037
                                           (202) 663-6000

                                           DAVID Z. GRINGER
                                           WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                           7 World Trade Center
                                           250 Greenwich Street
                                           New York, N.Y. 10007
                                           (212) 230-8800

## CERTIFICATE OF COMPLIANCE

According to the word-count feature of the word-processing program with which it was prepared, the foregoing motion contains 529 words, excluding the portions exempted by Rule 32(f).  The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office in 14-point Times New Roman font.

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK