IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

INTUIT, INC.,                          )
                                       )
     Petitioner,                       )
                                       )
        v.                             )    No. 24-60040
                                       )
FEDERAL TRADE COMMISSION,              )
                                       )
     Respondent.                       )

**FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION
TO FILE BRIEF UNDER SEAL**

The Federal Trade Commission respectfully moves under Fifth Circuit Rule

25.2.8 for leave to file its brief in this matter under seal to protect the

confidentiality of information and exhibits that were granted *in camera* treatment

in the underlying agency proceeding.  If the motion is granted, the FTC will file a

public version of its brief that redacts any confidential information.  Petitioner,

Intuit, does not oppose this request.

In support of the motion, the FTC states as follows:

1.     In this case, Intuit seeks review of an order of the Federal Trade

Commission that was entered following a multi-week trial before an administrative

law judge.  The Commission's rules provide that materials that are offered into

evidence may be granted *in camera* treatment if public disclosure of those

materials "will likely result in a clearly defined, serious injury to the person,

partnership, or corporation requesting *in camera* treatment." 16 C.F.R. § 3.45(b). Material that is subject to an *in camera* order is kept confidential and not placed upon the public record of the proceeding. *Id.* § 3.45(a).

2.    Intuit requested *in camera* treatment for several exhibits. The ALJ granted *in camera* treatment for many of these materials, finding that Intuit had shown that disclosure would likely result in a clearly defined, serious injury to Intuit. In accordance with the Commission's rules, both the Initial Decision of the ALJ and the Opinion of the Commission were also issued *in camera*, with redacted versions placed upon the public record.

3.    On April 15, 2024, Intuit filed its opening brief along with an unopposed motion to file unredacted copies of the Commission and ALJ decisions under seal. The Court granted Intuit's motion on April 16.

4.    The FTC's answering brief in this matter contains references to portions of the Commission's opinion that are being held under seal pursuant to this Court's April 16 order. The brief also contains references to other material that was accorded *in camera* treatment in the Commission proceedings because it contains Intuit's confidential information. To maintain the confidentiality of this material, the FTC seeks leave to file its brief under seal.

5.    Although there is generally a presumption that materials filed in judicial proceedings should be available to the public, this Court has recognized

that "sealing may be appropriate" for materials that "incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("[L]itigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants."). In this case, the ALJ carefully reviewed the materials as to which *in camera* treatment was requested and granted *in camera* treatment only as to those materials or portions of materials for which a proper showing was made under the Commission's rules.

6.     Accordingly, materials and information granted *in camera* treatment should remain under seal in this Court, at least pending the Court's final disposition of this case. The FTC takes no position as to whether disclosure of the sealed material in the Commission's brief would be necessary to the proper disposition of this proceeding. *See* 16 C.F.R. § 3.45(a). But the FTC requests leave to file its brief under seal at least for now, so that the panel can ultimately make the determination as to what disclosures might be necessary after the case is fully briefed and argued.

For the foregoing reasons, the Court should grant the motion, seal the Commission's brief, and direct the Commission to file a public version of its brief with *in camera* information redacted.

Respectfully submitted,

ANISHA S. DASGUPTA
   *General Counsel*

MARIEL GOETZ
   *Acting Deputy General
   Counsel*

June 14, 2024

/s/ Bradley Grossman
BRADLEY DAX GROSSMAN
ANUPAMA R. SAWKAR
   *Attorneys*

FEDERAL TRADE COMMISSION
Office of the General Counsel
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2994
bgrossman@ftc.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing motion complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 611 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

June 14, 2024

/s/ Bradley Grossman
Bradley Dax Grossman
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580