No. 24-60040

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

INTUIT, INCORPORATED,
*Petitioner*,

v.

FEDERAL TRADE COMMISSION,
*Respondent.*

_____

Petition for Review on an Order of the
Federal Trade Commission
(FTC Docket No. 9408)

_____

## Federal Trade Commission's Unopposed Motion for
## Leave to File Supplemental Brief
_____

Of Counsel:
LOIS C. GREISMAN
WILLIAM MAXSON
ROBERTO ANGUIZOLA
REBECCA PLETT
JAMES EVANS
SARA TONNESEN
    *Attorneys*

FEDERAL TRADE COMMISSION
Washington, D.C. 20580

ANISHA S. DASGUPTA
    *General Counsel*

MARIEL GOETZ
    *Acting Deputy General Counsel*

BRADLEY DAX GROSSMAN
ANUPAMA R. SAWKAR
    *Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
 Washington, D.C. 20580
 bgrossman@ftc.gov
 202-326-2994

Respondent the Federal Trade Commission respectfully requests, pursuant to

5th Circuit Rule 28.4, leave to file a supplemental brief to address the Supreme

Court's recent decision in *SEC v. Jarkesy*, No. 22-859 (Jun. 27, 2014) (Slip Op.

attached). That decision was issued thirteen days after the FTC filed its answering

brief in this appeal. The Supreme Court affirmed this Court's ruling that "the

Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil

penalties against him for securities fraud." *Jarkesy* Slip Op. 6. The FTC seeks

supplemental briefing to explain why *Jarkesy* does not affect the FTC's authority

to order Intuit to cease and desist from deceptive advertising—an equitable remedy

that does not implicate the Seventh Amendment.

Specifically, the FTC proposes to file a supplemental brief of up to 2,000

words within 10 days after Intuit files its reply brief (due July 12), or 10 days after

the Court grants this motion, whichever comes later. Intuit does not oppose this

request, provided that the Court grants Intuit leave to file a response of up to 2,000

words within 10 days after the FTC files its supplemental brief. The FTC takes no

position regarding Intuit's request.

For the following reasons, good cause exists to grant the FTC leave to file a

supplemental brief:

1. Intuit seeks review of a final FTC cease-and-desist order, which the

Commission issued after determining that Intuit had engaged in deceptive

advertising in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). On

April 15, 2024, Intuit filed its opening brief, which argued, *inter alia*, that Article

III precludes the Commission from adjudicating deceptive advertising claims

because they involve "private rights." Intuit Br. 30-33. Intuit relied principally on

this Court's holding in *Jarkesy* that the SEC could not adjudicate a civil-penalties

action involving rights that "arise 'at common law' under the Seventh

Amendment." 34 F.4th 446, 453 (5th Cir. 2022), *aff'd*, No. 22-859 (S. Ct. Jun. 27,

2024).

    2. The Commission filed its answering brief on June 14, 2024, explaining

that this Court's ruling in *Jarkesy* does not apply here because this case involves

rights and remedies that were unavailable at common law and do not implicate the

Seventh Amendment right to a jury trial. FTC Br. 61-65.

    3. The Supreme Court issued its ruling in *Jarkesy* on June 27, thirteen days

after the FTC filed its brief.

    4. Intuit's reply brief is due July 12. The FTC expects that Intuit will argue

that the Supreme Court's decision prevents the FTC from issuing cease-and-desist

remedies for deceptive advertising. The FTC disagrees and requests the

opportunity to explain why *Jarkesy* does not affect this appeal.

    5. This Court regularly directs or allows parties to file supplemental briefs

to address intervening Supreme Court rulings issued after a party's principal brief.

*See, e.g.*, *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 593 (5th Cir. 2023); *United States v. Bringier*, 405 F.3d 310, 316 (5th Cir. 2005); *Watts v. Kroger Co.*, 170 F.3d 505, 507 (5th Cir. 1999). There is especially strong reason to do so here because Intuit will have a full opportunity to address the Supreme Court's *Jarkesy* decision in its reply brief. The Commission would be prejudiced without an adequate opportunity to respond.

6. The FTC anticipates that it can appropriately address *Jarkesy* in a 2,000-word supplemental brief filed within 10 days after Intuit files its reply brief or 10 days after the Court grants this motion, whichever occurs later. FTC counsel conferred with opposing counsel regarding this motion. Although FTC counsel stated that the Commission would be amenable to Intuit filing a 1,000-word response within 10 days after the FTC's supplemental brief, Intuit stated that it would only consent on the condition that it receive up to 2,000 words for its response. The FTC takes no position regarding Intuit's request.

For the foregoing reasons, the Court should grant the FTC's request for leave to file a supplemental brief to address the Supreme Court's recent decision in *Jarkesy*.

Respectfully submitted,

ANISHA S. DASGUPTA
    *General Counsel*

MARIEL GOETZ
    *Acting Deputy General Counsel*

July 10, 2024

/s/ Bradley Grossman
BRADLEY DAX GROSSMAN
ANUPAMA R. SAWKAR
    *Attorneys*

FEDERAL TRADE COMMISSION
Office of the General Counsel
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2994
bgrossman@ftc.gov

Of Counsel:

LOIS C. GREISMAN
WILLIAM MAXSON
ROBERTO ANGUIZOLA
REBECCA PLETT
JAMES EVANS
SARA TONNESEN
    *Attorneys*

FEDERAL TRADE COMMISSION
    Washington, D.C. 20580

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing motion complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 670 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

July 10, 2024

/s/ Bradley Grossman
Bradley Dax Grossman
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580