WILMERHALE

July 18, 2024

**Daniel Volchok**

+1 202 663 6103 (t)
+1 202 663 6363 (f)
daniel.volchok@wilmerhale.com

<u>VIA CM/ECF</u>

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:    *FTC v. Intuit Inc.*, No.24-60040—Response to Federal Trade Commission Rule 28(j) letter (Dkt.150)

Dear Mr. Cayce,

The FTC's brief (p.36) urges this Court to ignore state-law consumer-protection decisions unfavorable to its case on the ground that "they do not arise under the FTC Act." Its 28(j) letter, however, relies on a state-law decision, *Kahn v. Walmart Inc.*, 2024 WL 3282097 (7th Cir. July 3, 2024). The letter is thus an appropriate concession that such decisions *are* properly considered. But that consideration is not limited to decisions the FTC deems helpful. It must also include, for example, a decision—involving the same state law as *Kahn*—that rejects applying the "deceptive-door-opener" theory to online products, Opening Br.53.

While *Kahn* is appropriate to consider, moreover, it does not help the FTC.

*Kahn* decided whether, as a matter of law, providing consumers "inaccurate shelf prices" cannot be deceptive simply because consumers receive a receipt "after payment." 2024 WL 3282097, at *1, *6. Unremarkably, the court concluded that post-purchase receipts do not automatically preclude deception. In contrast, this case (which has a full evidentiary record), involves *accurate* price claims that were accompanied by pre-payment disclosures (like "see if you qualify at TurboTax.com"). And as the commissioners conceded (Op.30), detailed qualifications were disclosed on TurboTax.com—which consumers *must* visit to use TurboTax—"before [consumers] start[ed] preparing their taxes," i.e., long before purchase.

*Kahn* also re-affirms that deception analysis must consider "all the information available to consumers," including disclosures "made … before the purchase of the merchandise." 2024 WL 3282097, at *3, *7 (emphasis omitted). Here, that analysis forecloses a deception ruling. The FTC highlights *Kahn*'s dicta that "Walmart's price discrepancies constitute a deceptive act … even where the consumer discovers the price discrepancy *before* completing a transaction," *id*. at *8. But the court was necessarily not deciding that issue and reached that conclusion only because Walmart (unlike Intuit) allegedly made "inaccurate" price claims "not … accompanied by any [clarifying] statements," such that consumers could not reasonably be *expected* to know about the discrepancy pre-purchase. *Id*. at *6.

WILMERHALE

Finally, although the word "website" appears in a footnote in *Kahn*, *Kahn* had nothing to do with e-commerce. The FTC's contrary suggestion is baseless.

Respectfully submitted,

/s/ *Daniel S. Volchok*
Daniel S. Volchok

cc: Counsel of record (via ECF)