No. 24-60040

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

───────────────────────────────

INTUIT, INCORPORATED,
*Petitioner*,

v.

FEDERAL TRADE COMMISSION,
*Respondent.*

───────────────────────────────

Petition for Review on an Order of the
Federal Trade Commission
(FTC Docket No. 9408)

───────────────────────────────

## SUPPLEMENTAL BRIEF OF THE FEDERAL TRADE COMMISSION

───────────────────────────────

Of Counsel:
LOIS C. GREISMAN
   *Associate Director*

WILLIAM MAXSON
   *Assistant Director*

ROBERTO ANGUIZOLA
REBECCA PLETT
JAMES EVANS
SARA TONNESEN
   *Attorneys*

FEDERAL TRADE COMMISSION
   Washington, D.C. 20580

ANISHA S. DASGUPTA
   *General Counsel*

MARIEL GOETZ
   *Acting Deputy General Counsel*

BRADLEY DAX GROSSMAN
ANUPAMA R. SAWKAR
   *Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
bgrossman@ftc.gov
202-326-2994

## TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii

Introduction ............................................................................................................. 1

I.  *Jarkesy*'s Holding Does Not Apply ................................................................. 1

II. *Jarkesy*'s Reasoning Does Not Undermine the FTC's Authority
    to Adjudicate Deceptive-Advertising Claims .................................................. 2

III. FTC Adjudication Is Firmly Rooted in Over a Century of
     Supreme Court Precedent ............................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*A.L.A. Schechter Poultry Corp. v. United States*,
    295 U.S. 495 (1935) .................................................................... 4, 6, 7

*Akin v. Office of Thrift Supervision*,
    950 F.2d 1180 (5th Cir. 1992) ............................................................ 4

*Am. Airlines v. N. Am. Airlines*,
    351 U.S. 79 (1956) ............................................................................ 3

*AMG Cap. Mgmt., LLC v. FTC*,
    593 U.S. 67 (2021) ............................................................................ 7

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
    526 U.S. 687 (1999) .......................................................................... 2

*Crowell v. Benson*,
    285 U.S. 22 (1932) ............................................................................ 7

*FTC v. Algoma Lumber Co.*,
    291 U.S. 67 (1934) ............................................................................ 6

*FTC v. Colgate-Palmolive Co.*,
    380 U.S. 374 (1965) .......................................................................... 7

*FTC v. R.F. Keppel & Bro.*,
    291 U.S. 304 (1934) .......................................................................... 6

*FTC v. Sperry & Hutchinson Co.*,
    405 U.S. 233 (1972) .......................................................................... 6

*FTC v. Standard Educ. Soc.*,
    302 U.S. 112 (1937) .......................................................................... 5

*FTC v. Sterling Drug, Inc.*,
    317 F.2d 669 (2d Cir. 1963) .............................................................. 5

*FTC v. Winsted Hosiery Co.*,
    258 U.S. 483 (1922) .......................................................................... 6

*Int'l Shoe Co. v. FTC*,
    280 U.S. 291 (1930) .......................................................................... 7

*Jacob Siegel Co. v. FTC*,
    327 U.S. 608 (1946) .......................................................................... 7

*SEC v. Jarkesy*,
  144 S. Ct. 2117 (2024) .................................................................. 1, 2, 3, 4, 6, 7

**STATUTES**

15 U.S.C. §45(b) ............................................................................................2

15 U.S.C. §45(*l*) .............................................................................................2

15 U.S.C. §57b ...............................................................................................2

**OTHER AUTHORITIES**

2 Louis Altman & Malla Pollack, *Callmann on Unfair
  Competition* §5:9 (4th ed. 2023) ............................................................3, 4

*Developments in the Law—Deceptive Advertising*, 80
  HARV. L. REV. 1016 (1967) ........................................................................5

Milton Handler, *False and Misleading Advertising*, 39
  YALE L.J. 22 (1929) ................................................................................3, 5

*The Consumer and Federal Regulation of Advertising*, 53
  HARV. L. REV. 828 (1940) ......................................................................4, 5

**INTRODUCTION**

The Supreme Court recently held in *SEC v. Jarkesy* that "the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." 144 S. Ct. 2117, 2127 (2024). The FTC submits this supplemental brief to address *Jarkesy* and counter Intuit's assertion (Reply_1) that *Jarkesy* "forecloses" the FTC's 110-year-old authority to adjudicate deceptive-advertising cases administratively.

*Jarkesy*'s holding is inapposite, as this case exclusively involves injunctive remedies for which Intuit claims no jury-trial right. *Jarkesy* also does not support Intuit's position that this case implicates "private rights" requiring Article III adjudication. Unlike the SEC statutes in *Jarkesy*, the FTC Act targets conduct unchecked by the common law, uses terminology unknown to the common law, and authorizes new equitable remedies unavailable at common law. These are the hallmarks of a public right. At common law, the principle of caveat emptor shielded false advertisers, and Congress responded by creating new legal standards and equitable remedies to protect consumers.

**I.     *JARKESY*'S HOLDING DOES NOT APPLY**

In *Jarkesy*, the "threshold" question was whether an SEC civil-penalty action "implicate[d] the Seventh Amendment." 144 S. Ct. at 2127. The Court deemed it "dispositive" that the penalties were akin to damages, a "type of remedy

at common law that could only be enforced in courts of law." *Id.* at 2129 (citation omitted). By contrast, for the claims here, district courts alone may award monetary relief, 15 U.S.C. §§45(*l*), 57b; the FTC may order injunctive relief only, *id.* §45(b).

It is "settled law that the Seventh Amendment does not apply" where "only injunctive relief" is at stake. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999). Intuit is thus wrong to assert that *Jarkesy* bars the FTC from adjudicating deceptive-advertising claims. Reply_7. *Jarkesy* addressed what the Court concluded were damages, "the prototypical common law remedy." 144 S. Ct. at 2129. Agency cease-and-desist orders, in contrast, are prospective injunctive measures not subject to a jury right; *Jarkesy* simply did not address them.

## II. *JARKESY*'S REASONING DOES NOT UNDERMINE THE FTC'S AUTHORITY TO ADJUDICATE DECEPTIVE-ADVERTISING CLAIMS

Intuit incorrectly asserts that *Jarkesy* "confirms" the FTC improperly adjudicated its "private rights." Reply_7. FTC deceptive-advertising claims vindicate public rights under any formulation, *see* FTC Br_61-65, and *Jarkesy* reinforces that conclusion.

*Jarkesy* emphasized four factors when concluding that SEC civil-penalty actions involve "private rights": those actions (1) feature "punitive" remedies only enforceable in courts of law, (2) "target the same basic conduct as common law

2

fraud," (3) "operate pursuant to similar legal principles," and (4) "employ the same terms of art." 144 S. Ct. at 2136. None of this is true of deceptive-advertising claims under the FTC Act, which (1) creates a new equitable remedy unavailable at common law, (2) targets deceptive practices unimpeded by the common law, (3) operates under different legal principles from the common law, and (4) employs terminology intentionally departing from the common law. Indeed, the Supreme Court has long recognized that the FTC Act does not "vindicate private rights," as the Act is "broader" than the common law and is concerned "with protection of the public interest," not "punishment of wrongdoing or protection of injured competitors." *Am. Airlines v. N. Am. Airlines*, 351 U.S. 79, 83, 85-86 (1956).

  A. The FTC Act created a new equitable remedy to protect the public from deceptive advertising. *See* FTC Br_61-64. "[T]he common law refused" to enjoin false advertising absent "proof that the misled consumers would inevitably have bought from the plaintiff[,] something only achievable in the rare situation where plaintiff was the single possible source of an alternative purchase." 2 Louis Altman & Malla Pollack, *Callmann on Unfair Competition* §5:9 (4th ed. 2023). Injured consumers faced insuperable barriers of proof and at most could obtain "nominal sum[s]," not an injunction. Milton Handler, *False and Misleading Advertising*, 39 YALE L.J. 22, 24, 27 (1929).

3

The FTC Act's creation of a new equitable remedy unavailable at common law is dispositive, and distinguishes this case from *Jarkesy*. This Court previously recognized that a statute created public rights by authorizing an agency to "issue cease and desist orders to correct violations" of certain agreements and award restitution, since those remedies were "broader" than those available under "traditional contract law." *Akin v. Office of Thrift Supervision*, 950 F.2d 1180, 1183-86 (5th Cir. 1992). The same analysis applies here. *See also* Constitutional Accountability Center Amicus_2-20 (FTC Act involves public rights because it regulates conduct prospectively).

B. The FTC Act's proscription on deceptive advertising is not "in the nature of an action at common law." *Jarkesy*, 144 S. Ct. at 2132. Advertisers enjoyed "virtually impregnable" ability to cheat consumers at common law. *The Consumer and Federal Regulation of Advertising*, 53 HARV. L. REV. 828, 828-29 (1940). The FTC Act expunged this "old soil," *Jarkesy*, 144 S. Ct. at 2130 (cleaned up), adopting new standards that protect the public.

1. As relevant here, the common-law tort of "unfair competition" was limited to the "palming off of one's goods as those of a rival trader" or the "selling of another's goods as one's own," *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 531-32 (1935), leaving other misrepresentations unchecked, 2 *Callmann* §5:9.

Similarly, "traditional actions of deceit and warranty" were "of little utility … against false advertising." Handler, 39 YALE L.J. at 27. Statements of "opinion" were exempt even if they misrepresented a product's usefulness, durability, or performance. *Id.* at 25-26. Courts applied the principle of caveat emptor, faulting consumers for relying on advertisements rather than "examin[ing] the goods or obtain[ing] the counsel of impartial and reliable persons." *Developments in the Law—Deceptive Advertising*, 80 HARV. L. REV. 1016, 1016-17 (1967). Courts also required privity of contract, which often did not exist between advertisers and consumers who purchased from an intermediary. *Consumer and Federal Regulation*, 53 HARV. L REV. at 828-29.

2. The FTC Act established a new scheme that, unlike the common law, permits the government to pursue equitable remedies on the public's behalf. The Act discarded the common-law requisites of scienter, reliance, and injury, forbidding misrepresentations likely to mislead. *See* FTC Br_4, 64; Admin. Scholars' Amicus_10-13. The Act's "central purpose" was "to abolish the rule of caveat emptor which traditionally defined rights and responsibilities," *FTC v. Sterling Drug, Inc.*, 317 F.2d 669, 674 (2d Cir. 1963), adopting instead an "honesty" requirement to "protect the trusting as well as the suspicious," *FTC v. Standard Educ. Soc.*, 302 U.S. 112, 116 (1937).

3. The FTC Act does not enshrine "common law terms of art." *Jarkesy*, 144 S. Ct. at 2130, 2136-37. The Act's proscription of "unfair methods of competition"—the original source of FTC authority to combat false advertising—was "an expression new in the law," because Congress deemed the tort of unfair competition "too narrow." *Schechter*, 295 U.S. at 532; *accord FTC v. R.F. Keppel & Bro.*, 291 U.S. 304, 310-12 (1934). Congress "explicitly considered, and rejected, the notion" of tying "the concept of unfairness to a common-law" standard. *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 240 (1972). Congress left it to the Commission—and to the courts on review—to determine what practices are unfair "in particular instances, upon evidence, in the light of particular competitive conditions" and the "public interest." *Schechter*, 295 U.S. at 533.

Soon after the FTC Act's passage, the Supreme Court held that the Act's new unfairness standard applied to deceptive advertising, *FTC v. Winsted Hosiery Co.*, 258 U.S. 483, 490-94 (1922), describing the Commission as the "champion at hand to put an end" to abuses "not actionable" at common law, *FTC v. Algoma Lumber Co.*, 291 U.S. 67, 78-81 (1934). Congress then amended the Act in 1938 to prohibit expressly "unfair or deceptive acts or practices" regardless of their effect on competitors. *Sperry*, 405 U.S. at 244.

Nothing in this history supports Intuit's assertion that FTC deceptive-advertising claims possess a common-law "pedigree." Reply_8. Creating new public remedies unknown to the common law was the Act's aim.

### III. FTC ADJUDICATION IS FIRMLY ROOTED IN OVER A CENTURY OF SUPREME COURT PRECEDENT

While the statute in *Jarkesy* was "barely over a decade old," 144 S. Ct. at 2134 n.2, the FTC has adjudicated deceptive-advertising claims for over a century, and the Supreme Court has reaffirmed the Commission's authority to do so many times. *Supra* pp.5-6; *see also, e.g., AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 71-72 (2021); *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 384-85 (1965); *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 612-14 (1946).

The Supreme Court has recognized that the public-rights doctrine permits FTC adjudication. *Crowell v. Benson*, 285 U.S. 22, 50-51 & n.13 (1932) (citing *Int'l Shoe Co. v. FTC*, 280 U.S. 291, 297 (1930)). The Court has also explained that the FTC Act's administrative procedure and judicial-review provision comport with the separation of powers. *Schechter*, 295 U.S. at 533.

*Jarkesy* did not address, much less overrule, this extensive precedent. Indeed, *Jarkesy*'s reasoning only confirms that FTC deceptive-advertising claims vindicate public rights.

        Respectfully submitted,

        ANISHA S. DASGUPTA
          *General Counsel*

        MARIEL GOETZ
          *Acting Deputy General Counsel*

July 22, 2024        /s/ Bradley Grossman

        BRADLEY DAX GROSSMAN
        ANUPAMA R. SAWKAR
          *Attorneys*

        FEDERAL TRADE COMMISSION
        Office of the General Counsel
        600 Pennsylvania Avenue, N.W.
        Washington, D.C. 20580
        (202) 326-2994
        bgrossman@ftc.gov

        Of Counsel:

        LOIS C. GREISMAN
          *Associate Director*

        WILLIAM MAXSON
          *Assistant Director*

        ROBERTO ANGUIZOLA
        REBECCA PLETT
        JAMES EVANS
        SARA TONNESEN
          *Attorneys*

        FEDERAL TRADE COMMISSION
          Washington, D.C. 20580

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing brief complies with the volume limitations of this Court's order dated July 11, 2024 because it contains 1,499 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

July 22, 2024                              /s/ Bradley Grossman
                                           Bradley Dax Grossman
                                           Attorney
                                           Federal Trade Commission
                                           600 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20580