No. 24-60040

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

INTUIT INC.,

*Petitioner*,

v.

FEDERAL TRADE COMMISSION,

*Respondent*.

On Petition for Review of a Final Order of the Federal Trade Commission
Dated January 19, 2024, FTC Docket No. 9408

**PETITIONER'S SUPPLEMENTAL BRIEF**

HOWARD M. SHAPIRO
JONATHAN E. PAIKIN
DANIEL S. VOLCHOK
DEREK A. WOODMAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000

DAVID Z. GRINGER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
(212) 230-8800

August 1, 2024

## CERTIFICATE OF INTERESTED PERSONS

The persons and entities that have an interest in the outcome of this case, as described in the fourth sentence of Circuit Rule 28.2, are those listed in the certificate of interested persons in Intuit's reply brief. This representation is made so that members of this Court may evaluate possible recusal.

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK

## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ........................................................... i

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

ARTICLE III ADJUDICATION WAS REQUIRED HERE ........................................... 1

    A.    The FTC's Deceptive-Advertising Claim Against Intuit Sounded In Equity And Implicated Intuit's Private Rights ................... 1

    B.    The FTC's Remaining Arguments Are Unavailing .............................. 6

CONCLUSION .......................................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*American Airlines v. North American Airlines*, 351 U.S. 79 (1956) ......................... 7

*Atlas Roofing Co. v. Occupational Safety & Health Review Commission*,
　430 U.S. 442 (1977) ................................................................................................ 5

*Crowell v. Benson*, 285 U.S. 22 (1932) ........................................................................ 7

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) ............................................... 5

*Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002) ........... 2

*International Shoe Co. v. FTC*, 280 U.S. 291 (1930) .................................................. 7

*Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022) .......................................................... 1, 4

*Regal Knitwear Co. v. NLRB*, 324 U.S. 9 (1945) ....................................................... 2

*SEC v. Jarkesy*, 144 S.Ct. 2117 (2024) ..................................................... 1, 2, 3, 4, 5

*United States v. Sosebee*, 59 F.4th 151 (5th Cir. 2023) .............................................. 5

## STATUTORY PROVISIONS

15 U.S.C. §57b ............................................................................................................ 5

## INTRODUCTION

Under *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), the Federal Trade Commission had to bring its claims against Intuit in an article III court. *See* Opening Brief ("OB") 30-33. The Supreme Court has now affirmed that portion of *Jarkesy*, *see SEC v. Jarkesy*, 144 S.Ct. 2117, 2131 (2024). Following that affirmance, the unlawfulness of the administrative adjudication here is beyond reasonable debate. The FTC's contrary arguments lack merit.[1]

## ARGUMENT

**ARTICLE III ADJUDICATION WAS REQUIRED HERE**

    **A.    The FTC's Deceptive-Advertising Claim Against Intuit Sounded In Equity And Implicated Intuit's Private Rights**

    1.    *Jarkesy* reiterated the longstanding rule that Congress generally may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit … in equity." 144 S.Ct. at 2134. The Commission acknowledges that "this case … involves injunctive remedies" (Supp.Br.1), and that the cease-and-desist order it sought was an "equitable remedy" (Supp.Br.3). Those acknowledgments align with precedent recognizing that cease-and-desist orders are

---

[1] The Supreme Court in *Jarkesy* expressly did not disturb this Court's separate holding that Securities and Exchange Commission administrative law judges have unconstitutional tenure protections. *See* 144 S.Ct. at 2127-2128. That holding independently requires vacating the FTC's decision and order. *See* OB.27-30.

"analogous to" "an injunction," *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945), an "inherently … equitable remedy," *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 211 n.1 (2002).

Because the FTC is bringing an equitable claim, this Court applies a "presumption" that an article III forum was required. *Jarkesy*, 144 S.Ct. at 2134. Although that presumption can be overcome in "cases concerning [so-]called 'public rights,'" *id.* at 2132, *Jarkesy* emphasized that "[t]he public rights exception," is "an *exception*," one narrowly applied because it has "no textual basis in the Constitution." *Id.* at 2134.

The exception does not apply here. It is designed for "categories of adjudication" with a long tradition of resolution outside the judiciary. *Jarkesy*, 144 S.Ct. at 2132-2134 (citing eight examples). Deceptive advertising is not such a category; to the contrary, judicial adjudication of deceptive-advertising claims was well-established at common law. OB.31-32. This lack of a "serious and unbroken historical pedigree" of non-judicial adjudication, *Jarkesy*, 144 S.Ct. at 2147 (Gorsuch, J., concurring), takes deceptive-advertising claims outside the public-rights exception. And because "matters concerning private rights may not be removed from Article III courts," *id.* at 2132, the FTC's adjudication here was unlawful under *Jarkesy*.

Finally, Justice Gorsuch's concurrence in *Jarkesy* details how many agency adjudications violate article III and due process—in precisely the ways Intuit has argued. *See* 144 S.Ct. at 2140-2154; OB.22-26. These defects in agency adjudications are particularly stark here, where the FTC succeeded in its in-house tribunal *after* failing to obtain relief from a neutral federal judge.

2. The FTC insists, however (Supp.Br.2), that "FTC deceptive-advertising claims vindicate public rights," such that *Jarkesy* does not render the agency adjudication here unconstitutional. In the Commission's telling (Supp.Br.2-3), the public-rights exception applies because none of the factors *Jarkesy* purportedly relied on in holding the securities-fraud claim at issue in that case implicated private rights are present here. That argument fails for two reasons.

*First*, the FTC offers no historical account of deceptive-advertising claims being adjudicated in non-judicial forums (other than the proceedings under review in this case). That oversight is fatal because, as just explained, public rights are those rooted in a robust tradition of adjudication outside the judiciary. Holding that a given claim implicates public rights without this historical showing, *Jarkesy* explained, risks the public-rights "exception … swallow[ing] the rule" requiring an article III forum. 144 S.Ct. at 2134.

*Second*, the Commission overstates the importance of the supposed differences between common-law deceptive-advertising claims and their FTC-Act counterpart. For instance, the Commission asserts that common-law deceptive-advertising plaintiffs need to prove "scienter, reliance, and injury," while the FTC does not (Supp.Br.5), and that common-law plaintiffs seeking injunctions need to prove they would try to buy from the misleading seller again, while the FTC does not (Supp.Br.3). "But the securities statutes share [similar] feature[s]: The SEC may impose civil penalties … even if no harm resulted from the misrepresentation," whereas common-law securities-fraud claims require harm. *Jarkesy*, 34 F.4th at 472 (Davis, J., dissenting). Yet the Supreme Court held in *Jarkesy* that statutory securities-fraud claims involve private rights. 144 S.Ct. at 2138. Intuit's opening brief (p.31-32) made this same point—relying on this Court's (subsequently affirmed) decision in *Jarkesy*—but the FTC ignores it, again offering no explanation of how the differences it posits are unlike those *Jarkesy* deemed insufficient.

*Jarkesy* additionally forecloses the FTC's argument (Supp.Br.5) that this case involves a public right because it entails the government "pursu[ing] equitable remedies on the public's behalf." That reprises the commissioners' flawed reasoning (Op.79) that "[p]ublic rights cases include 'cases in which the Government sues in its sovereign capacity to enforce public rights created by

statutes'" (quoting *Atlas Roofing Co. v. Occupational Safety & Health Review Commission*, 430 U.S. 442, 450 (1977)). That reasoning is *precisely* what the Supreme Court in *Jarkesy* rejected as "circular," 144 S.Ct. at 2139 (citing the same language from *Atlas Roofing*).

Finally, the FTC incorporates (Supp.Br.2) the argument in its response brief (p.63) that "eliminating administrative adjudication would largely 'dismantle' the FTC Act's scheme" because an administrative cease-and-desist order is supposedly a prerequisite to monetary relief. Here too, the Supreme Court's decision in *Jarkesy* rejects the Commission's argument, rebuffing "the proposition that 'practical' considerations … justify extending the scope of the public rights exception." 144 S.Ct. at 2134. Moreover, the sequencing the FTC cites is mandated by the FTC Act, 15 U.S.C. §57b(a)(2), which Congress could always amend. Congress's decision to enact a particular approach "did not alter the nature of the [FTC's] claim." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 n.16 (1989).[2]

---

[2] The FTC's reference (Supp.Br.4) to the argument in an amicus brief that the "FTC Act involves public rights because it regulates conduct prospectively" is forfeited. That argument could have been made before the Supreme Court decided *Jarkesy* (as the amicus brief did). A supplemental brief is thus too late to first raise the argument. *See United States v. Sosebee*, 59 F.4th 151, 157 n.36 (5th Cir. 2023).

## B. The FTC's Remaining Arguments Fail

The FTC raises two additional arguments to avoid *Jarkesy*. Neither is persuasive.

1. The Commission argues (Supp.Br.1-2) that *Jarkesy* is inapposite because it involved a damages claims (and thus implicated the Seventh Amendment), whereas this case involves only claims for injunctive relief. But as discussed, *Jarkesy* is relevant because its analysis confirms that the claim here involves public rights. And the Constitution's mandate of an article III forum for adjudications of public rights applies to *all* cases, not just those covered by the Seventh Amendment. *Supra* p.1. Put another way, the reason "*Jarkesy* bars the FTC from adjudicating deceptive-advertising claims" (Supp.Br.2) is not because of anything it held about the Seventh Amendment but because its holding regarding public and private rights shows that this case is *not* about public rights—meaning the Commission had no basis to deny Intuit its constitutional right to an article III forum for adjudication.

2. The FTC asserts (Supp.Br.3-4, 7) that the Supreme Court has blessed the FTC's administrative adjudication of deceptive-advertising claims. In reality, none of the cases the Commission cites did so. In any event, *Jarkesy* post-dates (and thus governs over) them all.

The FTC's citation (Supp.Br.3) to *American Airlines v. North American Airlines*, 351 U.S. 79 (1956), is instructive. Although that case said the FTC Act does not "vindicate private rights," but rather is concerned with "protection of the public interest," *id.* at 83, 85, the Court was not discussing the propriety of administrative rather than judicial adjudication. Its mention of "private rights" concerned when the FTC might "authorize a proceeding," not the appropriate forum for any proceeding. *Id.* at 83.

*Crowell v. Benson*, 285 U.S. 22 (1932), likewise cannot carry the weight the FTC suggests. The Commission claims (Supp.Br.7) that *Crowell*'s citation of *International Shoe Co. v. FTC*, 280 U.S. 291 (1930), shows "[t]he Supreme Court has recognized that the public-rights doctrine permits FTC adjudication." But *International Shoe* addressed antitrust issues, *id.* at 294, not the propriety of non-article III adjudication. Regardless, *Crowell*'s view that public rights are any that "arise between the government and persons subject to its authority in connection with the performance of constitutional functions of the executive or legislative departments," 285 U.S. at 50, is untenable after *Jarkesy*. After all, *Jarkesy* involved the government and someone subject to its authority, and the SEC's claims in *Jarkesy* were codified pursuant to Congress's authority under the Interstate Commerce Clause. Under *Crowell*, that would have been enough to conclude that the rights at issue there were public. But *Jarkesy* reached the

opposite conclusion, confirming that the FTC's reading of *Crowell* cannot be squared with the Supreme Court's latest holding regarding the scope of public rights.

## CONCLUSION

Intuit's petition for review should be granted and the case remanded with instructions to dismiss.

August 1, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Daniel S. Volchok
　　　　　　　　　　　　　　　　　　HOWARD M. SHAPIRO
　　　　　　　　　　　　　　　　　　JONATHAN E. PAIKIN
　　　　　　　　　　　　　　　　　　DANIEL S. VOLCHOK
　　　　　　　　　　　　　　　　　　DEREK A. WOODMAN
　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING
　　　　　　　　　　　　　　　　　　　　HALE AND DORR LLP
　　　　　　　　　　　　　　　　　　2100 Pennsylvania Avenue N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　　　　(202) 663-6000

　　　　　　　　　　　　　　　　　　DAVID Z. GRINGER
　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING
　　　　　　　　　　　　　　　　　　　　HALE AND DORR LLP
　　　　　　　　　　　　　　　　　　7 World Trade Center
　　　　　　　　　　　　　　　　　　250 Greenwich Street
　　　　　　　　　　　　　　　　　　New York, N.Y. 10007
　　　　　　　　　　　　　　　　　　(212) 230-8800

## CERTIFICATE OF COMPLIANCE

According to the word-count feature of the word-processing program with which it was prepared, the foregoing brief contains 1,500 words, excluding the portions exempted by Rule 32(f). This brief also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office in 14-point Times New Roman font.

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK

## CERTIFICATE OF SERVICE

I caused the foregoing to be electronically filed on August 1, 2024, using the Court's appellate CM/ECF system, which effected service on all counsel of record.

/s/ Daniel S. Volchok
DANIEL S. VOLCHOK