WILMERHALE

September 5, 2024

**Daniel Volchok**

+1 202 663 6103 (t)
+1 202 663 6363 (f)
daniel.volchok@wilmerhale.com

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:   *FTC v. Intuit Inc.*, No.24-60040

Dear Mr. Cayce,

    Intuit writes to advise the Court that its decision in *Tesla, Inc. v. Louisiana Automobile Dealers Association*, 2024 WL 3934796 (5th Cir. Aug. 26, 2024), belies the FTC's argument in this appeal that "to show a due-process violation, Intuit must present 'evidence of actual bias,'" FTC Br.52 (quoting *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023)).

    Recognizing that "the Due Process Clause preserves both the appearance and reality of fairness," *Tesla* rejected the "actual-bias requirement" the FTC urges. 2024 WL 3934796, at *5 & n.11. The *Tesla* defendants' reliance on *Withrow v. Larkin*, 421 U.S. 35 (1975)—which "uses the language 'actual bias,'" *Tesla*, 2024 WL 3934796, at *5 (quoting *Withrow*, 421 U.S. at 47)—was unavailing for two independent reasons. First, *Withrow* hinged on whether there was a "'*risk of* actual bias,'" not actual bias itself. *Id.* (quoting *Withrow*, 421 U.S. at 47) (emphasis added). Second, *Withrow* pertained to alleged bias resulting only from an agency's "'combination of the investigative and adjudicative functions,'" *id.* (quoting *Withrow*, 421 U.S. at 47), whereas Tesla alleged not only such "structural" bias, *id.*, but also specific communications evincing bias, *compare id.* at *3 (describing communications evincing bias), *with Withrow*, 421 U.S. at 54 ("[T]here was no more evidence of bias or the risk of bias or prejudgment than inhered in the very fact that the Board had investigated and would now adjudicate.").

    The FTC's argument here that "actual bias" is the standard fails for the same reasons. The FTC relies (Br.52) on *Illumina*, 88 F.4th at 1047, which quotes *Withrow*'s "actual bias" language and thus should be interpreted in the same limited way *Tesla* interpreted *Withrow*. And like *Withrow*, *Illumina* dealt with bias resulting "merely from the institutional structure of an agency," *Illumina*, 88 F.4th at 1047. By contrast, Intuit, like Tesla, has identified not only a structural source of bias but also specific communications evincing bias. *See* Opening Br.24. Thus, while the record establishes manifest bias, "there is no need for" Intuit to show "actual bias"; "possible bias is sufficient." *Tesla*, 2024 WL 3934796, at *6.

Respectfully submitted,

/s/ *Daniel S. Volchok*
Daniel S. Volchok

cc:  Counsel of record (via ECF)