

United States of America
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bradley Dax Grossman
Office of the General Counsel
bgrossman@ftc.gov
202-326-2994

September 13, 2024

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:     ***FTC v. Intuit, Inc.***, No. 24-60040

Dear Mr. Cayce:

I write in response to Intuit's letter dated September 5 addressing *Tesla, Inc. v. Louisiana Automotive Dealers Association*, 2024 WL 3934796 (5th Cir. Aug. 26, 2024). *Tesla* does not contradict, much less overrule, binding precedent requiring "evidence that a decisionmaker has 'actual bias' against a party" to invalidate an FTC order on due-process grounds. *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). *See* FTC Br. 52-53.

*Tesla* involved a state agency controlled by Tesla's "direct competitors," who had "strong financial incentives to keep Tesla out of Louisiana." 2024 WL 3934796, at *4-8. Applying precedent governing "industry self-regulation," the Court held that Tesla stated a plausible due-process violation by alleging that its regulators had a "*possible* personal interest" that created "structural economic incentives for bias." *Id.* at *4-6 (quoting *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973)). *Tesla* is consistent with longstanding precedent requiring disqualification of judges whose pecuniary interests created a "possible temptation" for bias. *Id.* at *8 n.19 (quoting *Tumey v. Ohio*, 273 U.S. 510, 532 (1927)).

Unlike the agency in *Tesla*, the FTC is not composed of industry participants, and Intuit does not allege that any FTC decisionmaker has a personal or pecuniary interest in this case. Accordingly, Intuit must show a "*probability* of actual bias" and "overcome a presumption of honesty and integrity in those serving

as adjudicators[,]" by providing evidence that an adjudicator's mind was "irrevocably closed." *Withrow*, 421 U.S. at 47-49 (cleaned up, emphasis added).

Precedent refutes Intuit's argument that *Withrow* does not apply when an adjudicator allegedly has "specific communications evincing bias." In *Hasie v. Office of Comptroller of Currency*, this Court invoked *Withrow* when holding that a challenger failed to meet his "high burden of persuasion" to "establish" that an adjudicator "pre-determined the merits" in specific communications. 633 F.3d 361, 367-68 & nn.16-17 (5th Cir. 2011); *accord Menard v. FAA*, 548 F.3d 353, 360-61 (5th Cir. 2008) (requiring proof that "improper communications" demonstrated "actual bias"). Here, Intuit presents no colorable evidence suggesting actual bias by Chair Khan. *See* FTC Br. 53-56.

Sincerely,

/s/ *Bradley Grossman*
Bradley Dax Grossman