WILMERHALE

October 18, 2024

**Daniel Volchok**

+1 202 663 6103 (t)
+1 202 663 6363 (f)
daniel.volchok@wilmerhale.com

<u>VIA CM/ECF</u>

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:   *FTC v. Intuit Inc.*, No.24-60040—Response to Federal Trade Commission Rule 28(j) Letter

Dear Mr. Cayce,

      The Federal Trade Commission is mistaken that *Rodriguez v. Social Security Administration*, 2024 WL 4352403 (11th Cir. Oct. 1, 2024), undermines Intuit's argument that the FTC decision and order here must be vacated because the administrative law judge (ALJ) who oversaw the FTC proceeding is improperly insulated from presidential removal. *Rodriguez* held that the tenure protections enjoyed by the Commissioner of Social Security under the Social Security Act are unconstitutional but severable from the remainder of that statute. *Id.* at *8. "[A]s a result" of that severability, the plaintiff there needed to "show that he suffered some harm from the Commissioner serving under an unconstitutional removal provision." *Id.*

      Here, the Commission does not dispute that, under *Jarkesy v. SEC*, 34 F.4th 446, 465 (5th Cir. 2022) (subsequent history omitted), FTC ALJs enjoy unconstitutional removal protections. *See* FTC Br.57. Congress conferred those protections under the Administrative Procedure Act, to shield ALJs from agency or outside political interference at the same time that Congress was giving them powers comparable to federal trial judges (who of course have significant tenure protection). As Intuit has argued, ALJs' removal protections are not severable from the rest of the APA. Opening Br.28-29; Reply Br.6-7. *Rodriguez* has no bearing on that argument, because the severability of ALJs' removal limitations is fundamentally distinct from the severability of protections afforded to agency heads (like the Social Security Commissioner) who are not expected to act as judges protected from outside influence. *See* Intuit Reply Br.7. Even under *Rodriguez*, then, Intuit need not show prejudice for the FTC's decision and order to be vacated.

      Nor does *Rodriguez* offer any basis to reject Intuit's alternative argument that the *Collins* standard does not apply to administrative adjudications. Indeed, the *Rodriguez* plaintiff did not even attempt to explain why *Collins* did not apply. *See* 2024 WL 4352403, at *8. By contrast, Intuit's opening brief details (pp.29-30) how requiring parties to administrative adjudications to prove prejudice flowing from unconstitutional removal protections is inconsistent with the Supreme Court's structural-error precedents. Nothing in *Rodriguez* suggests the Eleventh Circuit even grappled with that argument, much less rejected it.

WILMERHALE

Respectfully submitted,

/s/ *Daniel S. Volchok*
Daniel S. Volchok

cc:  Counsel of record (via ECF)