

United States of America
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Bradley Dax Grossman
Office of the General Counsel
bgrossman@ftc.gov
202-326-2994

November 14, 2024

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *FTC v. Intuit, Inc.*, **No. 24-60040 (argued Nov. 4, 2024)**

Dear Mr. Cayce:

      We write to provide the authorities referenced at argument but not cited in the briefs.

      1. As noted at argument, *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), did not hold that Article III precludes agencies from adjudicating *any* claim bearing some resemblance to the common law. Such a holding would have required the Court to overrule several precedents, including *CFTC v. Schor*, 478 U.S. 833, 852-57 (1986) (upholding "CFTC's jurisdiction over common law counterclaims" arising from broker-customer reparations disputes); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 582-93 (1985) (sustaining congressionally-required binding arbitration of compensation disputes among pesticide manufacturers); and *Block v. Hirsh*, 256 U.S. 135, 158 (1921) (approving emergency adjudication of landlord-tenant disputes). *See also* FTC Br._62, 64; Supp Br._7.

      2. Soon after the FTC Act's passage, several circuits rejected the claim that FTC adjudication violates Article III by vesting the Commission with "judicial powers." *Nat'l Harness Mfrs. Ass'n v. FTC*, 268 F. 705, 707 (6th Cir. 1920). These courts relied on Supreme Court precedent "authoritatively [holding] that it is within the power of Congress to delegate to an administrative body … the duty and power of finding facts upon which subsequent orders may be made and action predicated." *Ark. Wholesale Grocers' Ass'n v. FTC*, 18 F.2d 866, 870-71 (8th Cir. 1927); *accord Ostler Candy Co. v. FTC*, 106 F.2d 962, 964 (10th Cir. 1939); *FTC*

*v. A. McLean & Son*, 84 F.2d 910, 912 (7th Cir. 1936). For instance, *Union Bridge Co. v. United States* held that an agency head does not "in any true sense, exert … judicial power" when he conducts an investigation, finds facts, and orders a party to stop violating a "general rule" established by Congress. 204 U.S. 364, 385-87 (1907).

      3. In *FTC v. Klesner*, the Supreme Court held that the Commission may exercise "the functions of both prosecutor and judge" because the agency's authority is "strictly limited" to "protection of the public." 280 U.S. 19, 25-28 (1929) (contrasting FTC adjudication, which must be "in the public interest," with judicial resolution of common-law claims involving "private rights").

      Sincerely,

      /s/ *Bradley Grossman*
      Bradley Dax Grossman