WILMERHALE

November 18, 2024

Daniel Volchok

+1 202 663 6103 (t)
+1 202 663 6363 (f)
daniel.volchok@wilmerhale.com

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 South Maestri Place
New Orleans, Louisiana 70130-3408
**VIA CM/ECF**

Re:   *Intuit Inc. v. FTC*, No.24-60040—Response to Federal Trade Commission ("FTC") Rule 28(j) letter

Dear Mr. Cayce,

Nothing in the FTC's latest letter undermines Intuit's argument that under *SEC v. Jarkesy*, 144 S.Ct. 2117 (2024), the FTC's administrative adjudication of its claim here violated article III.

*First*, the FTC waived any reliance on cases not cited in its prior briefs. *See United States v. Hernandez*, 633 F.3d 370, 377 n.13 (5th Cir. 2011).

*Second*, despite its representations at oral argument, the FTC cites no binding precedent holding that FTC adjudication of deceptive-advertising claims comports with article III. The lone Supreme Court case cited involving the Commission, *FTC v. Klesner*, 280 U.S. 19 (1929), never even *mentioned* article III or the Constitution, and held only that the FTC could initiate an administrative action for "the purpose [of] protection of the public," *id.* at 27. Although *Klesner* used the phrase "private rights," *id.* at 26, 28, the Court meant only that the FTC was not authorized to bring cases that would resolve disputes between private entities, *see id.* at 28-29. And while the *Jarkesy* dissent asserted that the public-rights exception applied there because "the SEC seeks to 'remedy harm to the public at large,'" 144 S.Ct. at 2163 (Sotomayor, J., dissenting), it is the majority's rejection of that assertion that is binding, *see id.* at 2146 (Gorsuch, J., concurring).

*Third*, none of the FTC's other cited cases precludes this Court from following *Jarkesy*. The four out-of-circuit cases cited are non-binding, while the remaining Supreme Court cases involved neither the FTC nor deceptive advertising. Because none is on point, any tension between them and *Jarkesy* must be resolved in favor of the more recent decision, *Jarkesy*. *See Dialysis Newco, Inc. v. Community Health Systems Group Health Plan*, 938 F.3d 246, 259 n.11 (5th Cir. 2019).

*Finally*, Intuit's argument is not that *Jarkesy* forecloses administrative adjudication whenever a "claim bears some resemblance to the common law" (Letter.2). The administrative adjudication of the FTC's claim here contravenes *Jarkesy* because deceptive-advertising claims

WILMERHALE

lack a historic tradition of initial resolution "exclusively" (*Jarkesy*, 144 S.Ct. at 2132) outside the judiciary. *See* Intuit.Supp.Br.2. The FTC has never claimed there is any such tradition. That is dispositive.

Sincerely,

*/s/ Daniel S. Volchok*
Daniel S. Volchok

cc: Counsel of record (via ECF)